J-S49039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD VANCHEZ CHESNEY, | |
| Appellant | No. 77 MDA 2015 |

Appeal from the Judgment of Sentence of December 11, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-MD-0002082-2014

BEFORE:  BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 20, 2015**

Appellant, Edward Vanchez Chesney, appeals from the judgment of sentence entered on December 11, 2014, following his bench trial conviction for indirect criminal contempt[1] based upon a finding Appellant violated a final Protection from Abuse (PFA) order.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On May 7, 2014, the trial court entered the final PFA order at issue upon mutual agreement of Appellant and the victim.  The PFA order prohibited contact with the victim and excluded Appellant from her residence.  On November 12, 2014, Appellant appeared at the victim's residence and refused to leave.  The victim left the scene and Appellant then

---

[1] 23 Pa.C.S.A. § 6113.

made numerous telephone calls to her. On December 11, 2014, the trial court held a bench trial and convicted Appellant of indirect criminal contempt. The trial court sentenced Appellant to 90 days of probation and a fine of $300.00. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

> The guilty verdict of [i]ndirect [c]riminal [c]ontempt is contrary to the weight of the evidence in that the testimony of the sole Commonwealth witness was not credible as the witness testified that on a prior occasion she filed a petition for a [PFA] [O]rder alleging misconduct by Appellant and subsequently recanted all of the allegations set forth in the petition.

Appellant's Brief at 4.

Appellant essentially argues that the trial court erred in crediting the victim's testimony over the testimony of the defense witnesses. More specifically, Appellant argues that the victim filed a prior PFA petition against Appellant in November 2012, but later recanted in a January 2013 sworn affidavit. *Id.* at 19-20. Appellant contends that the prior recantation rendered the victim not credible in the present case. *Id.* at 20. Thus, Appellant argues "[t]he trial court abused its discretion in giving [the

---

[2] Appellant filed a motion for reconsideration on December 18, 2014. The trial court denied relief by order entered on December 22, 2014. On January 7, 2015, Appellant filed a notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on January 15, 2015. Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 23, 2015.

victim's] testimony more weight than that of" Appellant and his girlfriend. *Id.* at 21.

Our Supreme Court summarized our standard of review as follows:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is

unfettered. In describing the limits of a trial court's discretion, [our Supreme Court has] explained:

> The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-1055 (Pa. 2013) (internal citations and quotations omitted) (emphasis in original).

Here, the trial court determined:

> The victim testified, [Appellant] testified, [Appellant's] prior state parole officer testified, and [Appellant's] long-time girlfriend testified. [The trial court] weighed all of the testimony and judged the credibility of each witness based not only on his or her words but tone and body language. [The trial court] found the victim's testimony credible, and [Appellant's] testimony not credible.

Trial Court Opinion, 2/23/2015, at 2. The trial court was "satisfied that [the victim] gave a credible answer to explain her previous recant[ation]" of allegations of past abuse. *Id.* at 3. More specifically, the trial court believed that the victim retracted the prior allegations of domestic abuse "under some pressure from [Appellant] and [Appellant's] family to do so[.]" *Id.*

Based upon our standard of review, we discern no abuse of discretion in the trial court's refusal to grant a new trial on Appellant's indirect criminal

contempt conviction. The victim offered testimony that established Appellant violated the terms of a final PFA order that was in effect during the relevant time period. In rendering its verdict, the trial court made a credibility determination in favor of the victim after weighing all the evidence. Here, the victim testified that she had previously filed a PFA petition against Appellant in 2012, but recanted because Appellant promised to "rectify the situation" and because the victim "felt badly." N.T., 12/11/2014, at 18. The victim also received a threatening phone call from Appellant's brother. *Id.* Thus, the victim recanted in a sworn affidavit in 2013. *Id.* The victim testified, however, that the original allegations of abuse in the 2012 PFA petition were truthful. *Id.* The trial court was free to believe the victim over Appellant. The trial court also credited her testimony that Appellant came to her residence, would not leave, and then called her repeatedly afterwards in violation of the final PFA order at issue. The verdict was not the result of partiality, prejudice, bias or ill-will against Appellant. Accordingly, Appellant's sole issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2015

- 5 -